USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/29/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICK POWELL,

               Plaintiff,

       v.

SIEDLECKI CONSTRUCTION CO. INC.,
UNITED STATES POSTAL SERVICE, THE
UNITED STATES OF AMERICA, RXR PO
OWNER, LLC, and 230 PARK AVENUE
ASSOCIATES,

               Defendants.

---

No. 16-CV-2502 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

This case arises out of injuries that Plaintiff Patrick Powell is alleged to have suffered while performing construction work at the United States Post Office in Grand Central Station. Plaintiff asserts claims against the United States Postal Service, the United States of America, Siedlecki Construction Co. Inc., RXR PO Owner, LLC, and 230 Park Avenue Associates for negligence and violations of the New York Labor Law. Defendants Siedlecki and RXR, in turn, assert crossclaims against the other Defendants in this case, including the Postal Service and the United States, seeking contribution and indemnification. Before the Court is the Government's unopposed motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Government argues that it has not waived sovereign immunity under the Federal Tort Claims Act ("FTCA") with respect to any of the claims against it. For the reasons that follow, the Government's motion is granted and the case is dismissed in its entirety.

## BACKGROUND[1]

The Grand Central Post Office is located at 450 Lexington Avenue in Manhattan. Merlo Decl. ¶ 3.[2] It is operated by the Postal Service and the United States. Compl. ¶ 6. According to the Complaint, the Postal Service, the United States, RXR, and 230 Park Avenue each have an ownership interest in the property. *Id.* ¶¶ 6–8. In September 2012, the Postal Service awarded Siedlecki a contract for a project at the Grand Central Post Office involving "the construction of elevator lobbies on the second and third floors, relocation of the existing fourth floor postal facility spaces to the second floor, and other related renovations." *See* Merlo Decl. ¶¶ 3, 5(b).

The contract between the Postal Service and Siedlecki made Siedlecki "responsible for the entire work site and materials used therein, delegate[d] responsibility for ensuring the safety of all workers and the public at the site, and require[d] [Siedlecki] to take responsibility and/or indemnify [the Postal Service] for any injuries or liabilities arising from work done pursuant to the contract." *Id.* ¶ 1. Siedlecki was also required to maintain workers' compensation insurance, employers' liability insurance, and general public liability insurance. *Id.* ¶ 13. Under the terms of the contract, any subcontractors were Siedlecki's responsibility. *See id.* Ex. A ("Siedlecki Contract") at 33 ("The contractor is responsible to the Postal Service for acts and omissions of its own employees and of subcontractors and their employees."); *see also* Compl. ¶¶ 5, 12 (describing Siedlecki as the "general contractor" for the project). While the Postal Service had a right of inspection, Merlo Decl. ¶ 27, Siedlecki was "responsible for performing all construction work . . . and maintained autonomy in performing such work," *id.* ¶ 29; *see also* Siedlecki Contract at 23 (requiring

---

[1] In connection with this motion, all facts alleged in the Complaint are assumed to be true. *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).

[2] In deciding Rule 12(b)(1) motions, the Court is permitted to consider evidence outside the pleadings. *See Morrison*, 547 F.3d at 170. The declaration of Jeremy J. Merlo is uncontested and is thus relied upon by the Court for purposes of this motion. *See, e.g., Gibbons v. Fronton*, 533 F. Supp. 2d 449, 451 (S.D.N.Y. 2008) (relying on "uncontested affidavits and exhibits" in connection with a Rule 12(b)(1) motion).

Siedlecki to "give personal superintendence to the work either in person or by having a foreman or superintendent on the contractor's payroll, approved by the [Postal Service], with authority to act on behalf of the contractor, on the site at all times work is in progress.").

Plaintiff alleges that he was injured on August 21, 2013 while working on the project. *See* Compl. ¶¶ 9–10. According to the Complaint, Plaintiff was installing sensors for a heating, ventilation, and air-conditioning ("HVAC") system when he fell from an unsecured twelve-foot A-frame ladder and sustained serious and permanent injuries. *See id.*[3] This lawsuit was filed on April 4, 2016. On August 11, 2016, the Government moved to dismiss the claims against it pursuant to Rule 12(b)(1). No party has opposed the Government's motion, and Plaintiff has expressly conceded that the Court lacks subject matter jurisdiction over this action. *See* Dkt. 32.

## DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The Complaint asserts that the Court has jurisdiction pursuant to the FTCA. Compl. ¶ 1 (citing 28 U.S.C. § 1346(b)(1)). For this to be true, however, it must be demonstrated that the United States has waived sovereign immunity with respect to the claims against it.[4] "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotation marks omitted) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

---

[3] Siedlecki was responsible for implementing all HVAC systems. *See* Merlo Decl. ¶ 12.

[4] While it is ultimately immaterial to the Court's ruling on this motion, the Court notes that the Postal Service, as a federal agency, is not a proper party to this FTCA action. *See C.P. Chem. Co. v. United States*, 810 F.2d 34, 37 n.1 (2d Cir. 1987) ("The FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself.").

The FTCA waives sovereign immunity with respect to suits that arise from injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The definition of Government employee includes "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671. The term "federal agency" includes "corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." *Id.* "Thus, as a general rule, sovereign immunity precludes suits against the United States for injuries caused by its independent contractors." *Roditis v. United States*, 122 F.3d 108, 111 (2d Cir. 1997) (per curiam).

Plaintiff cannot proceed against the Government on the basis of Siedlecki's alleged acts or omissions, because the Court finds that Siedlecki was an independent contractor. In determining whether to apply the so-called "independent contractor exception," courts look to whether the Government "maintain[ed] control of 'the detailed physical performance of the contractor,'" *id.* (quoting *Logue v. United States*, 412 U.S. 521, 527–28 (1973)), or "supervise[d] 'its day-to-day operations,'" *id.* (quoting *United States v. Orleans*, 425 U.S. 807, 815 (1976)). In this case, the Government appears to have done neither. Siedlecki managed the work site, provided the materials for the project, and was responsible for ensuring the safety of all workers and the public at the work site. *See* Merlo Decl. ¶¶ 1, 7–9, 15–26; Siedlecki Contract at 23. It also agreed to indemnify the Postal Service for any injuries or liabilities arising from work done pursuant to the contract, and was responsible for maintaining insurance. *See* Merlo Decl. ¶¶ 1, 13. These are strong indicia of independence. *See, e.g.*, *Diaz v. U.S. Postal Serv.*, No. 02-CV-8892 (NRB), 2003 WL 21767530, at *2–3 (S.D.N.Y. July 31, 2003) (finding construction company to be an independent contractor where the company was contractually responsible "for completing the

4

work and for ensuring the safety of the work areas" and had agreed to "indemnif[y] the United States, accepting all of the liability for injuries that resulted from the work."); *K.V. v. United States*, No. 12-CV-1944 (MKB), 2013 WL 5447875, at *4 (E.D.N.Y. Sept. 30, 2013) ("Courts in this Circuit have found that contractual provisions requiring the procurement of liability insurance and creating indemnification obligations are further evidence that a contracting party is indeed an independent contractor."). "The only arguable indicia of control, the government's retention of a right to inspect the progress of construction, does not convert a contractor into a federal employee." *Roditis*, 122 F.3d at 111. Plaintiff is thus barred from proceeding against the United States on the basis of Siedlecki's alleged acts or omissions.[5]

To the extent that the Complaint alleges that the United States negligently selected or supervised Siedlecki, such claims would also be barred. The FTCA's waiver of sovereign immunity does not extend to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Thus, the FTCA bars suits where: "(1) the acts alleged to be negligent [are] discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation and (2) the judgment or choice in question [is] grounded in 'considerations of public policy' or susceptible to policy analysis." *Coulthurst v. United States*, 214 F.3d 106, 109 (2d Cir. 2000) (quoting *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991); *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988)). "It is well-settled that the selection and supervision of contractors is a discretionary

---

[5] The fact that the Government is alleged to have violated "nondelegable" duties under New York law does not compel a different result. "[A]ny state law nondelegable duty cannot, on its own, override the United States' sovereign immunity from suits for injuries caused by its independent contractors." *Roditis*, 122 F.3d at 111. Moreover, "[t]he FTCA . . . precludes government liability absent a negligent act, and, thus, 'does not extend to liability without fault.'" *Id.* at 112 (quoting *Dalehite v. United States*, 346 U.S. 15, 44 (1953)).

function and cannot form the basis for liability under the FTCA." *Fisko v. U.S. Gen. Servs. Admin.*, 395 F. Supp. 2d 57, 65 (S.D.N.Y. 2005).

The Court thus concludes that it lacks jurisdiction over Plaintiff's claims against the United States. For the same reasons, the Court also lacks jurisdiction over the crossclaims for contribution and indemnity that Siedlecki and RXR have asserted against the United States. *See Squicciarini v. United States*, No. 12-CV-2386 (ER), 2013 WL 620190, at *6 (S.D.N.Y. Feb. 15, 2013); *Trico Dev. Assocs. Ltd. P'ship v. O.C.E.A.N., Inc.*, No. 10-CV-2847 (MLC), 2010 WL 3614214, at *4 (D.N.J. Sept. 8, 2010); *Alexander v. Keystone Credit Union*, No. 94-CV-463 (WY), 1994 WL 314319, at *2–3 (E.D. Pa. June 28, 1994). As complete diversity does not exist among the parties, *see* Dkt. 32, the Court has no basis for exercising jurisdiction over the remaining state-law claims, and the case must be dismissed in its entirety, *see Squicciarini*, 2013 WL 620190, at *7.

## CONCLUSION

The Government's motion to dismiss is granted. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 24 and close the case.

SO ORDERED.

Dated:      November 29, 2016
            New York, New York

_____
Ronnie Abrams
United States District Judge